

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW HOUSTON | : | CIVIL ACTION |
| v. | : | |
| ORAL SURGERY CONSULTANTS OF PENNSYLVANIA | : | NO. 15-3367 |

**MEMORANDUM**

BEETLESTONE, J.                                                                                       JUNE 18th, 2015

Plaintiff Matthew Houston brings this civil action against the Oral Surgery Consultants of Pennsylvania. He seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

Plaintiff visited the defendant's office because he was in pain and sought to have his tooth pulled. Defendant's employees informed plaintiff that his health insurance did not cover dental work and that he would have to contact his health care provider. While on a phone call, plaintiff got angry and was told to leave the premises. Plaintiff "continue[d] to exercise [his] right to freedom of speech on [his] cell phone." Accordingly, defendant's staff called the police, who arrived on the scene but did not arrest plaintiff. Plaintiff never received the dental care he sought. He initiated this civil action seeking damages and other relief.

Plaintiff's motion to proceed *in forma pauperis* is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal for failure to

1

x c: Legal

state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

The complaint does not articulate any legal basis for a claim. To the extent that plaintiff is bringing claims under 42 U.S.C. § 1983 for the violation of his constitutional or federal rights, his claims fail. "[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Nothing in the complaint plausibly suggests either that the defendant is a state actor or that plaintiff's constitutional rights were violated. Nor can the Court discern any other basis for a plausible federal or state cause of action. The fact that the defendant did not accept plaintiff's health insurance and the fact that plaintiff was stressed out or frustrated by the incident does not give rise to a cause of action, even if the defendant's employees overreacted and called the police.

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.

6/18/15 mail.
Hasto

_____
WENDY BEETLESTONE, J.